# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 22-0837V

|  |  |
|---|---|
| ANTOINETTE LISS,<br><br>           Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>           Respondent. | Chief Special Master Corcoran<br><br>Filed: February 14, 2025 |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA, for Petitioner.*

*Alexa Roggenkamp, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On August 1, 2022, Antoinette Liss filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration a defined Table injury, resulting from the influenza vaccine she received on October 4, 2021. Petition, ECF No. 1. On April 22, 2024, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 41.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $22,034.49 (representing $20,938.50 in fees plus $1,095.99 in costs). Application for Attorneys' Fees and Costs ("Motion") filed October 8, 2024, ECF No. 47. Furthermore, Petitioner filed a signed statement representing that Petitioner incurred $8.30 in personal out-of-pocket expenses. ECF No. 48.

Respondent reacted to the motion on October 15, 2024, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Motion at 2-4, ECF No. 49. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's request. The rates requested for work performed through the end of 2024 are reasonable and consistent with our prior determinations, and will therefore be adopted. However, I find a minor reduction in the amount of fees to be awarded appropriate, for the reasons stated below.

After reviewing the billing records submitted with Petitioner's request, I find that the fees award must be reduced for redundant time billed for the review of status reports, correspondence cover letters, and other cursory documents prepared by another attorney. See, e.g., ECF No. 47 (entries dated 3/17/23; 3/20/23; 7/19/23; 9/5/23; 2/9/24; 4/23/24; 5/8/24). I am aware that it is a common practice for Conway, Homer, P.C. to have several attorneys work on the same matter, even if one predominantly is responsible for hearings. In some instances, such as when preparing substantive documents like the petition, briefs, and settlement demands, it is reasonable to have another set of eyes review that document (and the Conway Homer, P.C. attorneys typically bill reasonable amounts that reflect their personal expertise, with more experienced counsel needing to spend less time on matters than newer attorneys).

However, it is not reasonable to have an attorney bill for time to review routine filings, such as status reports, joint notice not to seek review, and motions for enlargement of time, when those filings were prepared (and billed for) by another attorney. And this is not the first time I or other special masters have noted this particular issue concerning Conway, Homer, P.C. billing practices. *See, e.g., Manetta v. Sec'y of Health & Hum. Servs.*, No. 18-172V, 2020 WL 7392813, at *2 (Fed. Cl. Spec. Mstr. Nov 19, 2020); *Lyons v. Sec'y of Health & Hum. Servs.*, No. 18-414V, 2020 WL 6578229 (Fed. Cl. Spec. Mstr. Oct. 2, 2020). Accordingly, Petitioner will not receive fees for redundant efforts. This results in a **reduction in the amount of fees to be awarded of $275.50.**

2

Petitioner has otherwise provided supporting documentation for all claimed costs. ECF No. 47 at 18-26. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $21,767.29 (representing $21,758.99 in fees and costs plus $8.30 representing Petitioner's out-of-pocket expenses) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

3